## PEIRCE & a. v. HOIT.

The sheriff is not liable to the statutory penalty of five times legal interest for neglecting to apply on an execution placed in his hands money received by his deputy for property sold, under the statute, on mesne process.

CASE, against the defendant, as sheriff of the county.

The declaration alleged that the plaintiffs sued out their writ of attachment against Furbush and Blaisdell, returnable to the Court of Common Pleas, in this county, December term, 1847, and delivered the writ to Holcomb, a deputy of the defendant; that Holcomb attached personal property of Furbush and Blaisdell, on the suit, and before the return day sold the same on the writ, according to the statute; that the plaintiffs, at the August term, 1848, recovered judgment against Furbush and Blaisdell, and on the 25th of August, 1848, sued out a writ of execution on their judgment against Furbush and Blaisdell, delivered the same to the defendant, and directed him to levy on the proceeds of the property sold by Holcomb; that the defendant levied the execution on the proceeds of the sale, and received the full amount of the debt and costs; that afterwards the plaintiffs demanded of the defendant the money so received by him on the execution, but he refused to pay; and the plaintiffs claimed the said amount, being $398.28 debt, and $27.63 costs, with legal interest, and also five times the legal rate of interest thereon. There were other counts in the declaration.

In a case agreed by the parties, it was admitted, that the allegations of the declaration were true, except that the execu-

tion was never put into Holcomb's hands, because he had been removed before the judgment against Furbush and Blaisdell was recovered; that no money ever actually came into the defendant's hands, but only into the hands of his deputy on the writ of mesne process.

The plaintiffs, in the assessing of damages, claimed that they were entitled to the amount of the said judgment and legal interest, and, in addition thereto, to five times the legal interest thereon; while the defendant contended that they were to recover only the amount of the judgment and six per cent. interest.

*Soule* and *Hale*, for the plaintiffs.

*Marston* and *Eastman*, for the defendant.

PERLEY, J. The Rev. Stats. (ch. 178, § 11,) provide, that " if any sheriff or his deputy shall, on demand made, refuse or neglect to pay to the creditor in any execution, any sum received by him or his deputy on such execution, he shall forfeit and pay to such creditor five times the lawful interest thereof, so long as he shall detain the same after such demand made."

The claim which the plaintiffs make in their declaration, is to recover, under this provision of the statute, five times the rate of legal interest, for money received by the defendant on the plaintiffs' execution against Furbush and Blaisdell. The agreed case shows that no money was in fact received on the execution by the defendant or his deputy. The money was received by the deputy before judgment, on a sale of goods attached on mesne process, and the real default of the defendant was in neglecting to apply on the execution placed in his hands, the proceeds of property attached and sold on the writ, by his deputy.

The claim is for a penalty, or forfeiture, and the plaintiffs do not bring their case within the words of the statute; nor can the language which the legislature have used be extended by construction, on the ground of supposed intention, so as to

reach this case. Where property, attached on mesne process, is sold before judgment, or returned to the debtor upon his giving a bond, the statute, (ch. 184, § 24,) enacts, that " it shall be deemed to remain in the custody of the officer so far as to be liable to attachment in the same manner it would have been, if it had remained in his hands specifically." The money is substituted by the statute, for the goods sold on the writ, and remains in the officer's hands, to be appropriated on the judgments that may be recovered, as the goods would, if they had been retained in specie. Money received on the writ is held in the same way, and for the same purpose as the goods. It does not belong to the creditor; his interest is but a lien to satisfy such judgment as he may happen to recover. But the creditor's right to money received on execution is established and absolute; and the statutory penalty of five times legal interest is given against the officer, who neglects, on demand, to pay money received thus on an execution, and not for neglecting to apply on an execution goods or money, attached and held on mesne process.

The claim for the forfeiture of five times legal interest must be denied.

The Court are not required by the case agreed, to decide whether a claim for this forfeiture of five times legal interest can be joined in the same action with a demand for the money received on execution and legal interest.